# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Robert Goggins, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-6709-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Kathy Anderson, | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the court is the magistrate judge's[1] Report and Recommendation ("Report"), recommending the court grant Defendant Kathy Anderson's motion to set aside entry of default and deny Plaintiff Robert Goggins' motion for default judgment. (ECF No. 69). As set forth herein, the court adopts the Report, grants Defendant's motion to set aside default, and denies Plaintiff's motion for default judgment.

## BACKGROUND

On December 14, 2023, Plaintiff, proceeding *pro se* and *in forma pauperis*, (ECF No. 12), brought this § 1983 action against Defendant. (ECF Nos. 1, 1-1). According to the complaint, on September 16, 2020, Defendant allegedly violated Plaintiff's Fourth Amendment right to be free from "illegal search and seizure" while she was performing her duties for the City of Clinton Police Department. (ECF No. 1). Defendant was served a copy of the complaint on February 21, 2024. (ECF No. 29). When Defendant failed to file an answer or otherwise appear, Plaintiff moved for entry of default on March 27, 2025. (ECF No. 44). That same day, the Clerk entered default as to

---

[1] This matter was referred to a magistrate judge for all pretrial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

1

Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), (ECF No. 46).

Thereafter, Plaintiff moved for default judgment pursuant to Fed. R. Civ. P. 55(b), (ECF No. 48), and the magistrate judge scheduled a hearing on the motion and for a determination of damages, (ECF No. 49). The Clerk's Office mailed the order and notice of hearing to Defendant. (ECF No. 50). A day before the scheduled hearing, Defendant, through counsel, filed a motion to set aside entry of default. (ECF No. 58). Accordingly, the magistrate judge canceled the hearing, (ECF No. 61), and gave Plaintiff an opportunity to file a response to Defendant's motion. (ECF No. 61). That motion has been fully briefed. (ECF Nos. 65, 66, 67). As stated, in her Report, the magistrate judge recommends the court grant Defendant's motion to set aside entry of default and deny Plaintiff's motion for default judgment. (ECF No. 69). Plaintiff filed objections to the Report, (ECF No. 78), and Defendant filed a reply, (ECF No. 79).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those

portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**DISCUSSION**

Fed. R. Civ. P. 55 provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In considering whether 'good cause' exists to set aside [an entry of default or] default judgment under Rule 55(c), a court should consider 'whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.'" *Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp.*, 812 F. Supp. 2d 710, 723-24 (E.D. Va. 2011) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). "The criteria must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Id*. (quoting *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)). The court has reviewed the *Payne* factors and finds good cause exists to set aside entry of default as to Defendant.

1. **Meritorious Defense**

Defendant provides two potentially meritorious defenses in support for setting aside entry of default. (ECF No. 58-1 at 3). First, she argues the case is time barred, noting that Plaintiff filed this action over three years after the alleged unlawful search and seizure. *Id*. Second, she argues she "is protected by qualified immunity as the alleged illegal search and seizure occurred while Defendant was working for the City of Clinton Police Department." *Id*.

As to the first defense, the court notes the statute of limitations for a personal injury claim is three years. S.C. Code Ann. § 15-3-530(5). Plaintiff alleges the actions that gave rise to this case occurred in September 2020. (ECF No. 1). However, he did not file this action until December 2023. (ECF No. 1-1). The court understands Plaintiff disputes when the time for bringing this action began to run. (ECF No. 78 at 2). At this juncture, however, the court need not decide *the*

*merits* of Defendant's proffered defenses. Instead, when determining whether to set aside entry of default, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Accordingly, the court finds Defendant raised a *potentially* meritorious defense for setting aside entry of default.[2]

### 2. Reasonable Promptness

Defendant was served a copy of the summons and complaint on February 21, 2024. (ECF No. 29). She claims she reached out to Legal Shield to represent her in this action and believed that they had responded to the complaint on her behalf until she received the court's notice of a hearing on Plaintiff's motion for default judgment.[3] (ECF No. 58-1 at 1-2). To corroborate these claims, Defendant submitted a copy of an email with the subject line "Your request for a consultation has been received." (ECF No. 58-2 at 1). This email is dated March 4, 2024, which was twelve days after service of the complaint; however, the name of the sender is not fully visible. *Id*. Additionally, Defendant submitted an email from Legal Shield dated March 17, 2024, that states "Catherine F" recently contacted the company regarding a legal matter. (ECF No. 58-2 at 2). Plaintiff disputes the credibility of this correspondence. (ECF No. 78).

The court is satisfied that, based on the record before it, Defendant acted with reasonable promptness. As set forth in Defendant's motion and the magistrate judge's Report, though Plaintiff was initially mistaken in believing her interests were being represented in this case, Defendant retained counsel and filed a motion to set aside entry of default within one month of the court

---

[2] Based on the court's finding on the statute of limitations defense, the court need not address Defendant's qualified immunity defense at this time.

[3] According to Defendant, "Legal Shield is a program that allows its members access to lawyers and legal professionals to assist their members with their legal needs." (ECF No. 58-1 at 1).

mailing the notice of hearing. (ECF Nos. 58-1 at 3; 69 at 6-7). As also noted in the Report, this notice was the first correspondence the court mailed to Defendant as she had not appeared in this case. (ECF No. 69 at 6).

3. **Remaining Factors**

Defendant is responsible for appearing and protecting her interests in this case. While Defendant should have reached out to Legal Shield to confirm her understanding of their representation in this matter at some point *during the fourteen months* from when she was served with the complaint to when she received the notice of the hearing on Plaintiff's motion for default judgment, the court ultimately agrees with the magistrate judge that the circumstances of this case and the remaining *Payne* factors further support granting Defendant her requested relief. Specifically, Defendant does not have a history of acting in a dilatory fashion, and, importantly, there would be no undue prejudice to Plaintiff if default was set aside because, by allowing this matter to proceed on the merits, both parties will have the ability to present evidence and conduct discovery.[4] *See also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (wherein the Fourth Circuit Court of Appeals recognized that it has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits"). Thus, the court finds good cause to set aside entry of default.[5]

---

[4] Plaintiff does not address these remaining *Payne* factors, and neither party suggests alternative sanctions.

[5] In his response in opposition to Defendant's motion, Plaintiff set forth only one argument for denying the motion. (ECF No. 65). That was, that Defendant's motion should be denied because Defendant failed to serve him a copy of the motion. *Id.* In actuality, the certificate of service attached to the motion provides Defendant mailed the motion via certified mail on the same day she filed the motion with the court, which was June 2, 2025, and the attached certificate of service confirms Plaintiff received a copy of the motion as it contains his signature. (ECF Nos. 66, 66-1,

6

## CONCLUSION

Accordingly, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 69). Therefore, the motion to set aside entry of default (ECF No. 58) is **GRANTED**. Defendant shall have ten (10) days from the date of this order to file an answer or responsive pleading to the complaint. It is further ordered that Plaintiff's motion for default judgment, (ECF No. 48), is **DENIED**. This order is without prejudice to the right of Plaintiff to renew the subject motion should Defendant fail to file an answer or responsive pleading within the time provided herein.

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
October 6, 2025

Reference is invited to Rules 3 and 4 of the Federal Rules of Appellate Procedure to the extent applicable to this order.

---

66-2). To be sure, Plaintiff also confirms he received a copy of the motion on June 9, 2025. (ECF No. 67).

In his objections, Plaintiff now appears to argue Defendant's motion should be denied because he did not receive a copy of the motion *prior to* the magistrate judge cancelling the hearing on Plaintiff's motion for default judgment. (ECF No. 78 at 1). Plaintiff, however, points to no authority supporting his notion that the court should deny Defendant's motion because he received it later than when it was filed with the court. Plaintiff has also failed to show any error in the magistrate judge's decision to cancel the hearing on his motion for default judgment upon receiving Defendant's motion to set aside default. The magistrate judge gave Plaintiff ample opportunity to respond to Defendant's motion, (ECF No. 61), and she also considered his sur-reply, (ECF No. 67), despite Plaintiff failing to seek prior permission to file it, (ECF No. 69 at 3 n.1). Moreover, as set forth above, Plaintiff is not prejudiced by the court's decision to set aside entry of default as to Defendant. As such, his objections are overruled.