IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Goggins, | ) | C/A No.: 1:23-6709-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kathy Anderson, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Currently pending before this court is Defendant Kathy Anderson's Motion to Dismiss for Failure to State a Claim, ECF No. 85. Plaintiff filed a Response in Opposition to Defendant's Motion, ECF No. 90, and Defendant filed a Reply, ECF No. 91.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

---

[1] On December 1, 2025, January 7, 2026, and March 16, 2026, Plaintiff sent additional attachments to the court, requesting that they be made a part of his Response. *See* ECF Nos. 93; 98; 101. These documents were not sent in a timely fashion, and this court does not generally accept multiple responsive filings from litigants. Further, under Local Rule 7.07, a reply to a Motion is allowed, although discouraged. The Local Rules do not provide for Sur-Replies. A party may seek permission from the court to file an additional response or "sur-reply." *Perez v. S.C. Dep't of Labor, Licensing and Regulation*, No. 3:17-CV-3187-JFA, 2018 WL 2455093, at *4 n.10 (D.S.C. June 1, 2018). Plaintiff did not seek permission to file a sur-reply in this case; however, the undersigned, in her discretion, may consider any additional arguments made that address any novel arguments made in Defendant's Reply and will consider any additional information where appropriate.

I.      Procedural Background

Plaintiff filed this action against Defendant Kathy Anderson, in both her individual and official capacity, pursuant to 42 U.S.C. § 1983 in this court on December 18, 2023. ECF No. 1. On March 1, 2024, a summons was returned executed for Kathy Anderson. ECF No. 29. After going into default, Defendant Anderson filed a Motion to Set Aside Default on June 2, 2025. ECF No. 58. Defendant's Motion was granted, ECF No. 81, and Defendant then filed a Motion to Dismiss for Failure to State a Claim. ECF No. 85. Defendant Anderson raises two reasons that dismissal of this action is appropriate: (1) she is protected against any such claims brought by Plaintiff pursuant to qualified immunity; and (2) the statute of limitations has run on Plaintiff's Fourth Amendment claim.

II.     Standard of Review

Defendant Anderson brings this Motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556); *see also Tobey v. Jones*, No. 11-2230, 2013 WL 286226, at *3 (4th Cir. Jan. 25, 2013) (affirming district court's denial of Rule 12(b)(6) motion, noting that *Twombly* reiterated that a plaintiff "was not required to state [] precise magical words" to plausibly plead claim). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)).

Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

   III.    Analysis

       a.   Statute of Limitations

Defendant Anderson argues that Plaintiff's Complaint has been untimely filed. Anderson argues that while Plaintiff alleges an illegal search and seizure occurred on September 16, 2020,

he did not file this case until December 18, 2023, which falls outside the applicable three-year statute of limitations period. Claims brought pursuant to 42 U.S.C. § 1983 are governed by the most analogous limitations period found in state law. *Reid v. James Madison Univ.*, 90 F.4th 311, 318 (4th Cir. 2024) (noting that § 1983 does not contain a statute of limitations, thus those claims are governed by the limitations period of the most analogous state law); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("[F]ederal law looks to the law of the State in which the cause of action arose" to determine the applicable statute of limitations); *Burnett v. Grattan*, 468 U.S. 42, 48–49 (1984); *see also Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. *See* 42 U.S.C. §1988(a). For § 1983 suits, the cause of action is a personal-injury suit."). Under South Carolina law, the statute of limitations for a personal injury claim is three years. *See* S.C. Code Ann. § 15-3-530(5). Thus, the statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim. *Brannon v. Blanton*, No. 9:15-CV-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016); s*ee Hamilton v. Middleton*, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003). While state law determines the applicable limitations period, federal law governs the date on which the limitations period begins to run. *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 389 (4th Cir. 2014) (citing *Kato*, 549 U.S. at 388). A federal cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal the cause of action. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996). Further, the Fourth Circuit has plainly held that accrual of a § 1983 claim based on an allegedly improper search and seizure occurs on the date of the search and seizure. *Smith v. Travelpiece*, 31 F.4th 878, 887 (4th Cir. 2022).

In reviewing Plaintiff's Complaint, he alleges that he is bringing a Fourth Amendment claim "to be free of illegal search and seizure." ECF No. 1 at 4. He sued Defendant Anderson for illegally searching him while on duty. ECF No. 1 at 4. He further alleges she performed an illegal traffic stop without probable cause and performed an illegal search. ECF No. 1 at 5-6. Plaintiff alleges several times that this incident occurred on September 16, 2020.[2] Plaintiff provided no additional details surrounding the incident in his Complaint.[3]

In response to Defendant Anderson's Motion to Dismiss, Plaintiff argues that Defendant should know what she said in her report; that is, that Plaintiff did not stop at a stop sign while driving his car. ECF No. 90 at 3. Plaintiff argues the stop was unreasonable. *Id.* As a result, Plaintiff points out that the Motion to Suppress he filed in the underlying state action was granted on January 3, 2023. ECF No. 90 at 1.

The Fourth Circuit has previously held that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is

---

[2] In the Laurens County Eighth Judicial Circuit Public Index filed by both parties, his arrest date is listed as September 15, 2020. *See* ECF No. 85-1 at 1; ECF No. 90-1 at 1. The oneday discrepancy is immaterial to the analysis in this case. A court may take judicial notice of public records, and documents integral to or explicitly relied upon in the Complaint whose authenticity are not disputed may be relied upon in decided a motion to dismiss. Here, both parties have provided and appear to rely upon this Publix Index. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

[3] In the "Injuries" section of his Complaint, Plaintiff alleges he was "arrested and detained." *Id.* at 6. In the "Relief" section of his Complaint, Plaintiff asks the court for $80,000 for the violation of his constitutional rights and his time spent illegally detained. *Id.* It is unclear whether Plaintiff alleges this reference to a "detention" is separate from being detained during the traffic stop. Regardless, Plaintiff provides no additional details or timeframe surrounding any additional detention, and he does not allege any allegations against Anderson beyond her performance of an illegal traffic stop and search and seizure. However, a wrongful arrest also has a 3-year statute of limitations.

followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (4th Cir. 2007). Here, Plaintiff alleges Anderson performed an illegal search and seizure on September 16, 2020 resulting in an arrest and detainment. Therefore, the statute of limitations governing Plaintiff's ability to bring a wrongful search and seizure claim expired on or before September 16, 2023. Plaintiff, however, did not file suit until December 18, 2023, nearly three months after the expiration of the statute of limitations.[4]

Plaintiff argues that, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), he was not able to file his § 1983 claim until he received a favorable ruling on a motion to suppress he filed in state court and his resulting criminal charges being dismissed.[5] However, Plaintiff does not bring a § 1983 claim attacking the legality of his conviction or sentence; rather he challenges the search, seizure, and alleged false arrest; thus, his claims accrued at the time of the alleged illegal search and arrest. *Johnson v. City of Durham*, No. 1:11-CV-658, 2014 WL 4923280, at *2 (M.D.N.C. Sept. 30, 2014). Additionally, as another district court explained, *Heck* is inapplicable in an action where there was no conviction existing at the time a plaintiff files suit, such as the case here. *Johnson v. Weaver*, No 3:12-cv-00899, 2013 WL 1406225, at *2 (M.D. Tenn. Apr. 8, 2013).

In *Carter v. Whitfield*, 2:20-cv-4225-RMG, 2022 WL 2128609, at *1 (D.S.C. June 14, 2022), a plaintiff brought suit against an officer who he alleged approached him in his vehicle, and after informing plaintiff that his vehicle's windows were illegally darkly tinted, held plaintiff

---

[4] Plaintiff's lawsuit was signed on December 12, 2023; however, even at this earlier date, the statute of limitations argument applies.

[5] The undersigned notes that according to the public docket provided by the parties, Plaintiff's charges were *nolle prossed* on January 12, 2023. *See* ECF No. 85-1 at 1; ECF No. 90-1 at 1. While Plaintiff would need to show that he received a favorable termination of the underlying criminal prosecution for a malicious prosecution claim, he does not allege any such claim in this lawsuit.

against his will and conducted a search of his vehicle without consent. The plaintiff further alleged that the evidence was eventually suppressed, and his charges were dismissed. *Id.* After the defendant filed a motion seeking dismissal of the case because it was untimely filed, the court granted the motion. In so doing, this court, relying on *Smith v. Travelpiece*, specifically rejected the plaintiff's argument that he had three years from the date on which the evidence was suppressed. *Id.* at *2; *see also Travelpiece*, 31 F.4th at 887 (rejecting the same argument and affirming that Fourth Amendment claims accrue "when they are violated.").[6]

Here, Plaintiff alleges Defendant Anderson violated his right to be free of an illegal search and seizure, which occurred on September 16, 2020. His lawsuit was signed and dated on December 12, 2023, and filed December 18, 2023, more than three years after the alleged illegal search and seizure. Upon review of the applicable law, the undersigned recommends granting Defendant Anderson's Motion to Dismiss upon the grounds that the statute of limitations has expired on Plaintiff's Fourth Amendment illegal search and seizure claim.

---

[6] The District Court of Maryland also considered an analogous set of facts in *Barnhill v. Strong*, JFM 07-1678, 2008 WL 544835 (D. Md. Feb. 25, 2008). In that case, two plaintiffs, Barnhill and Donkers, brought suit on June 25, 2007 against several defendants for their alleged involvement in what the plaintiffs believed were their unlawful arrest and prosecution leading to charges of possession of a handgun and resisting arrest for an incident that occurred on September 12, 2001. *Barnhill*, 2008 WL 544835 at *1. Following a conviction and series of appeals, the handgun and resisting arrest charges were dismissed on June 29, 2004 due to the granting of the plaintiff's motion to suppress in the state court case. *Id.* After the plaintiffs filed suit in federal court, defendants filed a motion to dismiss on several grounds, including the expiration of the statute of limitations. In response to the defendants' argument that the plaintiffs' § 1983 claims for unlawful search, seizure (and excessive force) should be dismissed on the grounds that the statute of limitations expired, plaintiffs argued that pursuant to *Heck*, a cause of action under § 1983 does not accrue until the conviction or sentence for the state's criminal claims have been overturned. *Id.* at *4-5. After conducting its analysis under *Heck* and *Kato*, the *Barnhill* court determined that the statute of limitations begins to run at the time legal process is initiated; thus, even though the plaintiffs' motion to suppress was granted several years later, the statute of limitations for these federal claims expired on September 12, 2004. *Id.* at *6.

b.  Qualified Immunity

Defendant Anderson further argues that she is protected by the doctrine of qualified immunity. While the undersigned recommends finding that Plaintiff's claim is time-barred, the undersigned has alternatively considered whether Defendant Anderson is entitled to qualified immunity.  When a qualified immunity defense is raised, the courts apply a two-part test. First, the court must determine whether the facts viewed in the plaintiff's favor make out a violation of one's constitutional rights, and second, whether the violated right was clearly established at that time. *Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022) (citing *Pearson v. Callahan*, 555 U.S. 233, 231 (2009)). The Fourth Circuit employs a split burden of proof for the qualified immunity defense. The plaintiff bears the burden of proving the first prong, and the [officer] bears the burden on the second prong. *Stanton*, 25 F.4th at 233 (citing *Henry*, 501 F.3d at 377-78); *see also Mays v. Sprinkle*, 992 F.3d 295, 302 n.5 (4th Cir. 2021) (explaining that plaintiff has the burden of proof to show a constitutional violation, while defendant must show the violation was not clearly established).

Under the first prong, Plaintiff alleges that Defendant Anderson violated his constitutional rights by performing an illegal traffic stop without probable cause and conducted an illegal search and seizure. ECF No. 1 at 5-6. Plaintiff alleges that the Laurens County General Sessions Court ruled in his favor and dismissed his charges. ECF No. 1 at 6. Defendant Anderson argues that because Plaintiff does not specifically allege how she violated his rights, he has failed to establish facts establishing a violation of his constitutional rights. Defendant Anderson does not provide additional argument as to whether this violation was clearly established at the time of the incident. At this stage of the litigation, and in liberally construing Plaintiff's allegations, the undersigned finds he sufficiently pled enough facts that, were they viewed in his favor, set forth a constitutional

violation. Thus, the undersigned would not recommend granting qualified immunity on this ground and at this stage of the proceedings.

IV.     Conclusion and Recommendation

The court has made a careful review of the pleadings, evidence, and arguments in this case. For the foregoing reasons, the undersigned recommends Defendant's Motion, ECF No. 85, be granted for the reasons stated herein.


IT IS SO RECOMMENDED.

Kaymani D. West

May 11, 2026                                           Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10