# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

Robert Goggins,                          )
                                         )
                    Plaintiff,           )          Civil Action No. 1:23-cv-6709-TMC
                                         )
v.                                       )
                                         )          **ORDER**
Kathy Anderson,                          )
                    Defendant.           )
                                         )
_____      )

Before the court is Defendant Kathy Anderson's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure wherein she argues this action should be dismissed because she has qualified immunity and because Plaintiff's claim for illegal search and seizure is barred by the statute of limitations. (ECF No. 85). The magistrate judge[1] issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff, who is proceeding *pro se*, of the dismissal procedures and the possible consequences of failing to adequately respond to the motion, (ECF No. 87). Plaintiff timely filed a response in opposition to the motion, (ECF No. 90),[2] to which Defendant replied, (ECF No. 91). The magistrate judge subsequently issued a Report and Recommendation ("Report"), recommending the court grant Defendant's motion to dismiss because the statute of limitations has expired on Plaintiff's claim.[3] (ECF No. 104). Plaintiff

---

[1] This matter was referred to a magistrate judge for all pretrial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

[2] Plaintiff also filed additional documents as part of his response. (ECF Nos. 93, 98, 101). Though untimely, the magistrate judge considered these filings when reviewing the aforementioned motion to dismiss. (ECF No. 104 at 1 n.1). Out of an abundance of caution, the undersigned has also reviewed these filings.

[3] Though this finding is dispositive of the case, the magistrate judge proceeded to address Defendant's alternative basis for dismissal and recommended *against* granting qualified immunity at this stage of the proceedings. (ECF No. 104 at 8-9).

1

filed objections to the Report, (ECF No. 106), and the court will review them in accordance with the standard set forth below.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

2

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id.* Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face[.]'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

In December 2023, Plaintiff brought this action alleging a violation of his Fourth Amendment right to be free from illegal search and seizure. (ECF No. 1). In the complaint, Plaintiff claims that, in September 2020, Defendant, while on duty for the City of Clinton Police Department, "performed a[n] illegal traffic stop without probable cause and proceeded with a[n] illegal search and seizure." *Id*. at 4-6. As a result, Plaintiff claims he was arrested and detained, depriving him of his right to liberty. *Id*. at 6. He seeks $80,000.00 in damages. *Id*. at 6. Plaintiff filed this action over three years after the purportedly illegal search but less than one year after the state court granted his motion to suppress evidence. (ECF No. 90-1 at 1).

4

"State law determines the applicable term of limitations for a § 1983 claim." *Smith v. Travelpiece*, 31 F.4th 878, 883 (4th Cir. 2022). "Under South Carolina law, the statute of limitations for a personal injury claim is three years." (ECF No. 104 at 4) (citing S.C. Code § 15-3-530(5) of the South Carolina Code, which provides "[w]ithin three years . . . an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545"). Thus, the statute of limitations on Plaintiff's illegal search and seizure claim is three years. The issue in this case is when that claim began to accrue.

Generally, "accrual occurs when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotations omitted). The Fourth Circuit Court of Appeals determined an unlawful-search-and-seizure-of-property claim to be most analogous to that of trespass, which accrues "at the time it was committed, and not from the time when the full extent of the injury was ascertained." *Travelpiece*, 31 F.4th at 887 (quotations omitted). Therefore, a "§ 1983 claim based on an unconstitutional search and seizure of property accrue[s] at the time of the search." *Id*. Here, the search giving rise to this case occurred more than three years before Plaintiff brought this action for unlawful search and seizure. Nevertheless, Plaintiff maintains the statute of limitations did not begin to run on his claim until the state court suppressed the evidence and dismissed his charges in January 2023.[4] (ECF Nos. 90, 93, 106). However, as the magistrate judge recognized in her Report, the Fourth Circuit dismissed this argument in *Travelpiece*. Therein, the plaintiffs, relying on *Heck v. Humphrey*, 512 U.S. 477 (1994) and *McDonough v. Smith*, 588 U.S. 109 (2019), argued their unlawful search claim did not accrue until the charges against them were dismissed because the claim "'necessarily threatens to impugn' their prosecutions." *Id*.

---

[4] In an earlier filing, Plaintiff argued the statute of limitations on his illegal search and seizure claim did not begin until September 2022 when the state court purportedly found the search and seizure was unlawful. (ECF No. 78 at 2).

(quoting *McDonough*, 588 U.S. at 123). The Fourth Circuit determined the favorable-termination accrual rule discussed in *Heck* and *McDonough* did not govern the unlawful search and seizure claim before it. *Id.* at 888. The court makes the same finding here. Because it is undisputed the search that gives rise to this action occurred in September 2020, the court finds Plaintiff's unlawful search and seizure claim barred by the statute of limitations.[5] Because this finding is dispositive of this case, the court declines to reach Defendant's alternative argument for dismissal.

## CONCLUSION

Accordingly, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report, (ECF No. 104), and **OVERRULES** Plaintiff's objections, (ECF No. 106).  Therefore, the motion to dismiss, (ECF No. 85), is **GRANTED**.

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
June 2, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] In some of the papers submitted following the filing of the complaint, Plaintiff uses the term "malicious prosecution." (ECF Nos. 93 at 4; 98-1 at 1). Out of an abundance of caution, the court notes that it has reviewed the limited allegations in the complaint and agrees with the magistrate judge that Plaintiff "does not allege any such claim." (ECF No. 104 at 6 n.5).  *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (providing "[t]o state . . . a [malicious prosecution] claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor").